Florencio Román, Appellant, *v.* Registrar of Property of San Juan (Second Section), Respondent.

No. 1094. Submitted November 3, 1941.—Decided November 7, 1941.

*Carlos D. Vázquez* for appellant. The registrar appeared by brief.

Mr. Justice De Jesús delivered the opinion of the court.

In an action of debt brought by the appellant against Ramón Mojica, the plaintiff moved for the attachment of property belonging to the defendant.

Although Hortensia Díaz Díaz was not a party to the action, the judge in his order of attachment decreed as follows:

"Accordingly, the attachment is ordered of the properties which according to the allegations of the plaintiff belong to defendant Ramón Mojica, even though the same are recorded in the registry of property in the name of Hortensia Díaz Díaz, they being described as follows: . . ."

The registrar refused to record the attachment levied upon the properties of Hortensia Díaz Díaz, as said properties appeared recorded in the name of that lady, a person other than defendant Ramón Mojica. The present appeal

has been taken from that ruling, and the appellant relies on our decision in *González* v. *Registrar,* 38 P.R.R. 765.

As it did not appear from the registry that the property sought to be attached belonged to the defendant, and as there was no legal presumption that such property, although recorded in the name of a person other than defendant, belonged to the latter, the registrar was right in his application of Section 20 of the Mortgage Law, the fourth paragraph of which prescribes as follows:

"If such interest is recorded in favor of a person other than the one making the conveyance or placing the encumbrance, registrars shall deny the record requested."

The case of *González* v. *Registrar, supra,* invoked by the appellant, is not applicable herein. There the attachment was levied upon a piece of property which appeared recorded in the name of a minor son of the defendant, and in the deed, wherein the father appeared as purchaser in the name of his son, no mention was made of the source of the purchase price. The presumption then arose that the purchase was made with funds of the father, and therefore, application lay of Section 226 of the Civil Code, which in its pertinent part reads thus:

"The father or mother possesses the ownership and usufruct of whatever property the child may acquire with the capital of each of his parents. . ."

In the case at bar it does not appear from the registry that the properties recorded in the name of Hortensia Díaz Díaz actually belonged to the defendant, and the fact that it is so alleged in the complaint and that the judge ordered the attachment to secure the judgment and stated that, although recorded in the name of Hortensia Díaz Díaz, said properties belonged to the defendant, is immaterial, for said Hortensia Díaz Díaz has not been made a party defendant and she can not be deprived of her property without having her day in court, or, what amounts to the same thing, with-

out due process of law. [3] The judge who ordered the attachment was without authority to decree the attachment of the property of a person who had not been sued, unless, as happened in the case of *González* v. *Registrar, supra,* it appeared from the registry itself that said property, at least presumptively, belonged to the defendant. See *Mariño* v. *Registrar,* 40 P.R.R. 408, where it was held that where real property sought to be attached appears recorded in the name of a person other than the defendant, the entry of the attachment does not lie, said case being distinguished from that of *González* v. *Registrar, supra.*

For the reasons stated the judgment appealed from must be affirmed.